AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States Courts
Southern District of Texas
FILED

*September 25, 2025*

Nathan Ochsner, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. **4:25-mj-0575** |
| SINDI VANESSA MORENO-FLORES | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of September 23, 2025 in the county of Harris in the
Southern District of Texas, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Count One: 18 U.S.C. §§ 111(a)(1) & (b) and 2. | Count One: Assault of a federal officer causing bodily injury, in violation of 18 U.S.C. §§ 111(a)(1) & (b) and 2. |
| Count Two: 8 U.S.C. § 1253(a)(1)(C). | Count Two: Conniving or conspiring, or taking any other action, designed to hamper or with the purpose of preventing or hampering an alien's departure, in violation of 8 U.S.C. § 1253(a)(1)(C). |
| | See Attachment A, incorporated herein by reference. |

This criminal complaint is based on these facts:

See attached affidavit of probable cause.

☑ Continued on the attached sheet.

*Complainant's signature*

Deportation Officer Justin Vedder
*Printed name and title*

Sworn to and signed by telephone.

Date: September 25, 2025

*Judge's signature*

City and state: Houston, Texas    Hon. Richard W. Bennett, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **SINDI VANESSA MORENO-FLORES**, <br><br> Defendant. | Case No. __4:25-mj-0575__ |

### Affidavit in Support of a Criminal Complaint

I, Justin Vedder, being duly sworn, state under oath that:

### Introduction and Agent Background

1. I am an investigative or law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, that is an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses against the United States.

2. I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE ERO"), and have served in that capacity since September 2016. Prior to this assignment, I have held the following positions: U.S. Customs and Border Protection Officer and Immigration Enforcement Agent. My law enforcement career began on January 26, 2004, as a U.S. Customs and Border Protection Officer. I have over 21 years of immigration law enforcement experience.

### Purpose of Affidavit

3. The facts in this affidavit come from my personal observations, training, and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is made for the limited purpose of supporting a criminal complaint and arrest warrant and

1

only intended to show that there is sufficient probable cause for the crime charged and does not set forth all my knowledge about this matter.

4. Based on the facts as set forth in this affidavit, there is probable cause to believe that on or about September 22, 2025, **SINDI VANESSA MORENO-FLORES**, committed the offense(s) of assault of a federal officer causing bodily injury, in violation of Title 18, United States Code, Section 111(a)(1) and (b); and conniving or conspiring, or taking any other action, designed to hamper or with the purpose of preventing or hampering an alien's departure, in violation of Title 8, United States Code, Section 1253(a)(1)(C).

### Facts Supporting Probable Cause

5. On July 13, 2021, **MORENO-FLORES** was encountered by a U.S. Border Patrol Agent ("USBP") in the Rio Grande Valley, Texas Border Patrol Sector. The USBP agent determined, at that time, that **MORENO-FLORES** is a citizen and national of Belize and not a citizen or national of the United States. **MORENO-FLORES** was processed as a I-862 Notice to Appear and was released on an I-220A Order of Recognizance, due to lack of detention space.

6. On July 4, 2022, a superseding I-862 Notice to Appear was filed in **MORENO-FLORES's** case. On October 15, 2023, **MORENO-FLORES** appeared for immigration court in Houston, Texas, for her immigration hearing. That hearing was continued by an immigration judge and was reset for February 8, 2024. On February 8, 2024, **MORENO-FLORES** failed to appear and a removal order was issued by an immigration judge, ordering **MORENO-FLORES** to be removed, in absentia, to Belize, or in the alternative, to Honduras. To present, **MORENO-FLORES** has not departed from the United States, as ordered by an immigration judge.

7. On September 23, 2025, ICE ERO conducted targeted enforcement operations on Cotillion Drive in Houston, Texas. At approximately 7:35 a.m., an ICE Deportation Officer

identified **MORENO-FLORES**, who was the target of the enforcement operation, as she was getting into her vehicle. The ICE Deportation Officer called her name, "Vanessa," to which **MORENO-FLORES** answered "yes." The ICE Deportation Officer identified himself as an ICE Officer and exposed, from his cover shirt, his plainly marked body armor with agency identifiers, to include, "police" and "ICE," and a cloth ICE badge, and told **MORENO-FLORES** she was being placed under arrest.

8.      At that point, **MORENO-FLORES** "chuckled," and placed her key in the ignition and started the engine. The ICE Deportation Officer asked **MORENO-FLORES** to shut off the vehicle engine. **MORENO-FLORES** refused to shut the engine off and used her right hand to go for her phone. The ICE Deportation Officer then seized **MORENO-FLORES's** left hand and applied a pressure point to get **MORENO-FLORES** to exit the vehicle. **MORENO-FLORES** was removed from the vehicle and immediately started physically resisting while the ICE Deportation Officer attempted to place handcuffs on her. The ICE Deportation Officer was only able to apply one handcuff before **MORENO-FLORES** continued to resist by pulling away and yelling for assistance from bystanders. At that point, **MORENO-FLORES** began forcefully resisting and scratched the ICE Deportation Officer's upper left arm and swung her arm in an attempt to strike the ICE Deportation Officer with the handcuff that was applied to her wrist. **MORENO-FLORES** was brought to the ground in a further attempt to control **MORENO-FLORES** and get the additional handcuff on **MORENO-FLORES**. After the continuing struggle, **MORENO-FLORES** got up and ran to a group of bystanders, which included her mother, starting a foot chase with the ICE Deportation Officer. The ICE Deportation Officer was able to get a hold of **MORENO-FLORES** by seizing the loose handcuff but still struggled with **MORENO-FLORES**. During the struggle, **MORENO-FLORES** and her mother continuously attempted to

remove the ICE Deportation Officer's hand from the cuff while trying to pull away from him. Backup arrived and all officers/agents were able to finally, fully, restrain and secure **MORENO-FLORES**. At the conclusion of the struggle, the ICE Deportation Officer's supervisor noticed deep scratches on his left arm and both hands.

9. Based on the foregoing facts, I believe that probable cause exists for the issuance of a complaint and arrest warrant for **SINDI VANESSA MORENO-FLORES**, for assault of a federal officer causing bodily injury, in violation of Title 18, United States Code, Section 111(a)(1) and (b); and conniving or conspiring, or taking any other action, designed to hamper or with the purpose of preventing or hampering an alien's departure, in violation of Title 8, United States Code, Section 1253(a)(1)(C).

_____
Justin Vedder
Deportation Officer
Immigration and Customs Enforcement
Enforcement and Removal Operations

Subscribed and sworn to before me telephonically this 25th day of September 2025, and I find probable cause.

_____
HONORABLE RICHARD W. BENNETT
United States Magistrate Judge
Southern District of Texas

# ATTACHMENT A

### COUNT ONE
*Assaulting, Resisting, or Impeding a Federal Officer*

On September 23, 2025, in the Southern District of Texas, the defendant, **SINDI VANESSA MORENO-FLORES**, aiding and abetting another, did forcibly assault, resist, oppose, impede, intimidate, and interfere with any person designated in 18 U.S.C. § 1114, to wit: Victim, an Immigration and Customs Enforcement Deportation Officer, while that person was engaged in and on account of the performance of official duties, and caused physical contact, inflicted bodily injury, and did so with the intent to commit another felony, in violation of Title 18, United States Code, Sections 111(a)(1) & (b) and 2.

### COUNT TWO
*Conniving, Conspiring, or Taking Any Other Action to  
Hamper or Prevent an Alien's Departure*

On September 23, 2025, in the Southern District of Texas, the defendant, **SINDI VANESSA MORENO-FLORES**, a citizen of Belize who is not a citizen or national of the United States and against whom an order of removal is outstanding, knowingly and intentionally connived, conspired, and took action with the purpose of preventing or hampering her departure from the United States, in violation of Title 8, United States Code, Section 1253(a)(1)(C).